■ S & D Petroleum Company, Inc., Respondent, v Clifton M. Tamsett, Jr., Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered December 15, 1987 in Madison County, which, *inter alia,* granted plaintiff's motion for partial summary judgment on the issue of liability.

In 1984 plaintiff engaged defendant, an attorney, to secure a debt of $19,747.56 owed plaintiff by one of its customers, C & H Trucking, Inc. (hereinafter C & H). Defendant prepared a security agreement naming C & H and Charles and Carolyn Waltz, two individuals involved in the trucking concern, as the debtors and giving plaintiff a security interest in a 1984 Mack truck. Typed language, added to the preprinted form, provided that the debt with interest was payable as follows: "Cash on all oil deliveries plus $500.00 payment on account upon delivery of product to the debtor." This was followed by printed language in the form declaring that the collateral also secured "any other indebtedness or liability of the [d]ebtor to the [s]ecured [p]arty direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, including all future advances or loans which may be made at the option of the [s]ecured [p]arty". The security agreement was executed but defendant failed to perfect it by filing *(see,* UCC 9-302 [1]). C & H subsequently paid off the debt and for a time had a credit balance with plaintiff. However, by March 1986 when plaintiff learned that the debtors were insolvent, that the Mack truck had been sold and that the debt was unsecured, the outstanding balance due from C & H exceeded $17,000. Although the Waltzes appear to be effectively judgment-proof, defendant has proceeded on plaintiff's behalf against a third individual associated with C & H as either a principal or guarantor.

In the meantime, plaintiff commenced the instant action against defendant sounding in legal malpractice. Plaintiff moved for partial summary judgment on the issue of defendant's liability, but the motion was denied because plaintiff had failed to submit a copy of defendant's answer as required by CPLR 3212 (b). Plaintiff then moved for leave to renew or reargue and Supreme Court, noting that the earlier motion had not been decided on its merits and declining to subordinate substance to form, considered and granted plaintiff partial summary judgment. Defendant appeals; we affirm.

At the outset defendant urges that Supreme Court abused its discretion when it allowed plaintiff to renew its motion. Given that denial of the motion originally was because of a

procedural defect and not on the merits, Supreme Court's determination to grant renewal upon correction of the defect was not an abuse of discretion *(see, Riggs v Pursell,* 74 NY 370, 379).

As to the merits, defendant contends that the quoted typed language in the security agreement superseded the printed provision which secured future advances as well as the existing debt. Because the existing debt was paid, argues defendant, the security interest, even if it had been perfected, would have expired, affording plaintiff no security on the subsequently advanced amount. But typewritten and handwritten portions of an agreement take precedence over printed provisions only where they are inconsistent *(see, Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229, 234, *affd* 61 NY2d 976). Furthermore, it is another familiar and pertinent rule of construction that where possible "a contract should not be interpreted so as to leave a provision without force or effect" *(Information Sciences v Mohawk Data Science Corp.,* 56 AD2d 706, *affd* 43 NY2d 918). Here, clearly the typed proviso dictating how the existing debt would be repaid is not inconsistent with, or preclusive of, the collateral's use to secure future advances.

Defendant also maintains that expert testimony is required to establish that he breached a standard of professional care and skill *(see, Fidler v Sullivan,* 93 AD2d 964, 965). An exception to that principle exists where the ordinary experience of the fact finder provides sufficient basis for judging the adequacy of the professional service *(see, Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 148). Under the circumstances of this case, we conclude that the failure to file the security agreement was a breach of professional duty and that defendant's negligence in this regard was a proximate cause of plaintiff's damages, the amount of which must await a hearing.

Order affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.