■ Rifenburg Construction, Inc., on Behalf of Itself and All Others Similarly Situated, Respondent, and American Panelized Systems, Inc., Appellant, v Construction Directors/Management Systems, Inc., et al., Defendants. (And

Another Related Action.) [597 NYS2d 228] —Weiss, P. J. Appeal from an order of the Supreme Court (Travers, J.), entered July 9, 1992 in Rensselaer County, which, *inter alia,* distributed trust funds to a class of beneficiaries.

The sole issue in this case centers upon the method of distribution of $67,500 among trust fund beneficiaries which sum represents a trust fund under Lien Law article 3-A. The fund resulted from a settlement of a class action brought on behalf of subcontractors and material suppliers on the construction of a medical office building in the City of Troy, Rensselaer County. Plaintiff Rifenburg Construction, Inc., an unpaid subcontractor, commenced an action (later certified as a class action) against the general contractor, defendant Construction Directors/Management Systems, Inc. (hereinafter Directors), and the owner, defendant Oakwood Associates, a general partnership, to recover unpaid balances on subcontracts and materials used in the construction.\* The parties entered into a proposed settlement of all claims by defendants' payment of $67,500 into a trust fund. Plaintiff American Panelized Systems, Inc. has challenged the methodology for computing the distribution advanced by Rifenburg and imposed by Supreme Court.

Lien Law § 77 (8) provides that *"trust claims* entitled to share in any distribution of trust assets pursuant to order of the court shall share pro rata" (emphasis supplied). The dispute has arisen from the interpretation of the reference to "trust claims". Supreme Court interpreted "trust claims" to mean all claims both paid or owing *(see,* Lien Law § 71). Using a complex methodology, each creditor was paid from the remaining trust corpus a sum such which when added to earlier payments received prior to judicial intervention resulted in all creditors receiving a percentage, as nearly equal as possible, of their entire contractual claim. In this instance, Rifenburg, who had not been paid anything on account of its subcontract, now received 75% of its claim. American, whose unpaid claim was almost equal to that of Rifenburg, received only 5.7% of its unpaid claim because it had prior to the litigation received significant payments on a much larger subcontract. The result was that both Rifenburg and American ended up with payments of 75% of their original contract amount.

---

\* Prior to the commencement of this action, two members of the class had commenced a lien foreclosure action against the same defendants. Supreme Court joined both actions allowing Oakwood to interpose a cross claim against certain creditors.

We reverse. The term "trust claims" in the language of Lien Law § 77 (8) is limited by the words which immediately follow it, which should be read in a common-sense manner, to mean those claims which are unpaid. While Rifenburg's theory embodies a seductive lure, the plain reading of Lien Law § 77 (8) means each unpaid claim is entitled to share with other unpaid claims on a pro-rata basis out of the remaining trust corpus.

Yesawich Jr., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.