■ DEB-JO CONSTRUCTION, INC., Appellant, v FREDERICK WESTPHAL, Respondent. [620 NYS2d 678] —Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: The failure of an attorney to file a financing statement in the manner required by law to perfect his client's security interest (Uniform Commercial Code §§ 9-302, 9-401 [1] [c]) constitutes negligence or malpractice as a matter of law *(S & D Petroleum Co. v Tamsett,* 144 AD2d 849, 850; *Peoples Natl. Bank v Weiner,* 129 AD2d 782). Defendant admitted that, at plaintiff's request, he reviewed several contract documents, including a security agreement and financing statement, and that he advised plaintiff concerning the sufficiency of those papers. In opposing plaintiff's motion for summary judgment, he did not controvert plaintiff's evidence that he filed a financing statement in the office of the Cayuga County Clerk but failed to file a financing statement with the Department of State. Defendant also failed to controvert plaintiff's evidence that he repeatedly assured plaintiff's President that plaintiff's security interest was "okay" and that plaintiff's lien would follow the property. Moreover, by failing to respond to a notice to admit, defendant has admitted that he failed to file the financing statement with the Department of State *(see,* CPLR 3123).

The debtor who acquired the property from plaintiff filed for bankruptcy. As a result of defendant's failure to perfect plaintiff's security interest, a subsequent creditor of that debtor who properly perfected its security interest repossessed the subject equipment and personal property and sold that property. No surplus was derived from the sale. Defendant has not controverted plaintiff's assertions that the debtor owed $40,000 on its purchase agreement and that plaintiff has been damaged in that amount. Plaintiff, therefore, is entitled to summary judgment in the sum of $40,000 together with costs and interest computed from April 12, 1994 at the statutory rate *(see,* CPLR 5004). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Balio, J. P., Lawton, Fallon, Wesley and Doerr, JJ.