■ David Zasso et al., Respondents, v Richard Maher et al., Appellants. [640 NYS2d 243] —In an action, *inter alia,* to recover damages for legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered January 6, 1995, as denied those branches of their motion which were for summary judgment dismissing the first through ninth causes of action.

Ordered that the order is modified, on the law, by deleting

the provisions thereof which denied those branches of the defendants' motion which were to dismiss the first through seventh causes of action and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In order to establish a cause of action sounding in legal malpractice, a plaintiff must establish (1) that the defendant's attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) that the attorney's negligence was a proximate cause of the loss sustained, (3) that the plaintiff incurred damages as a direct result of the attorney's actions, and (4) that the plaintiff would have been successful if the attorney had exercised due care (*see, e.g., Andrews Beverage Distrib. v Stern,* 215 AD2d 706). Expert evidence generally is required (*see, Brown v Samalin & Bock,* 168 AD2d 531) if the basis for judging the adequacy of professional service is not within the ordinary experience of the fact finder (*see, S & D Petroleum Co. v Tamsett,* 144 AD2d 849, 850), although an affirmation from the plaintiff's attorney may be sufficient (*see, Bloom v Kerman,* 146 AD2d 916, 918). In the instant case, neither the plaintiffs nor their attorney in any way established that but for the alleged malpractice of the defendants, the judicial determinations in issue would have been more favorable to them. Further, contrary to the plaintiffs' contention, the defendants had no obligation to commence frivolous actions in the plaintiffs' behalf (*see,* Code of Professional Responsibility DR 2-109 [22 NYCRR 1200.14]). Accordingly, the first through seventh causes of action must be dismissed.

Summary judgment was properly denied on the eighth and ninth causes of action, which are based upon a $100,000 loan which the plaintiffs made to a third party which declared bankruptcy shortly thereafter. One-half of the proceeds of that loan went to the defendants in payment of legal fees owed to them by the third party. The plaintiffs allege that they made the loan upon the defendants' faulty legal advice.

The remaining contentions are without merit. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.