■ BURR DEITZ et al., Respondents, v KELLEHER & FLINK, Appellant. [649 NYS2d 85] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Harris, J.), entered July 17, 1995 in Albany County, which, *inter alia*, granted plaintiffs' motion for summary judgment, and (2) from an order of said court, entered November 3, 1995 in Albany County, which, *inter alia*, upon reconsideration, adhered to its prior decision.

This is an action for legal malpractice. Plaintiff American Panelized Systems, Inc. (hereinafter APS) is a construction company that specializes in the construction of prefabricated buildings. Plaintiff Burr Deitz is the president of APS. In November 1988, APS signed an agreement retaining defendant to perform general legal work. Plaintiffs' first cause of action relates to defendant's filing of a mechanic's lien on APS' behalf in April 1989 in the amount of $74,729.82 against property located in the City of Troy, Rensselaer County. This lien arose out of labor performed by APS pursuant to a contract between APS and Construction Directors/Management Systems, Inc. (hereinafter CD/M). This lien was bonded by Firemen's Insurance Company of Newark, New Jersey in the amount of $80,000 with CD/M as principal and Firemen's as surety.

The dispute between APS and CD/M was subsequently submitted to arbitration, and the arbitrator awarded APS the sum of $46,563.68 plus interest, fees and expenses. Supreme Court, Albany County, by order dated March 19, 1991, confirmed the arbitration award. APS sought recovery of this sum from Firemen's pursuant to the surety bond. Firemen's disclaimed any responsibility for this amount as the result of an order of Supreme Court (Travers, J.) dated May 27, 1991, which relieved Firemen's of any responsibility as surety

because of APS' failure to commence a lien foreclosure action within one year of the filing of its lien or to obtain a court order extending the lien. APS subsequently participated with other claimants in a class action entitled *Rifenburg Constr. v Construction Directors/Mgt. Sys.* (192 AD2d 1029). This action was ultimately settled for the amount of $67,500, and APS' share of the settlement totaled approximately $10,000.

Plaintiffs' second cause of action relates to the filing of a second mechanic's lien on November 17, 1988 in the amount of $25,194.64 against real property owned by George Tokarz and Eleanor Bitelli in the Town of Argyle, Washington County. According to the allegations of the complaint, defendant similarly failed to commence an action to foreclose the lien within a year of filing the lien and did not apply for a court order extending the lien. Plaintiffs claim that they have been precluded from executing on the lien and collecting the amount due. Plaintiffs claim in their third cause of action that as the result of defendant's acts and omissions, APS was forced out of business and Deitz was forced to file for protection under chapter 13 of the Bankruptcy Code (11 USC).

The instant action was commenced in March 1993. Defendant filed an answer with nine affirmative defenses and one counterclaim. Plaintiffs moved for summary judgment on their complaint and sought to strike defendant's answer, affirmative defenses and counterclaim. Defendant cross-moved for an order striking Deitz as a party plaintiff, dismissing the third cause of action and granting defendant judgment on its counterclaim. Supreme Court denied defendant's cross motion in its entirety and granted plaintiffs' motion for summary judgment with respect to its first and second causes of action on the issue of liability and with respect to all but two of defendant's affirmative defenses. All other issues, including damages, were deferred until trial. Defendant thereafter moved to renew and reargue the motion and cross motion. Supreme Court denied defendant's motion for reargument, granted the motion to renew on the basis of newly discovered evidence, but, upon renewal, adhered to its original decision. Defendant appeals from both orders.

In order to obtain summary judgment on a legal malpractice claim, the movant must demonstrate, through the submission of evidentiary proof in admissible form, that the attorney did not exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal profession (*see, Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132; *Greene v Payne, Wood & Littlejohn*, 197 AD2d 664, 666). In addition, the

plaintiff must establish that the attorney's negligence was a proximate cause of the loss sustained and that the plaintiff sustained damages as a direct result of the attorney's actions (*see, Won Teh Hwang v Bierman*, 206 AD2d 360). Although whether malpractice has occurred is ordinarily a question of fact for the jury (*see, Greene v Payne, Wood & Littlejohn, supra,* at 666), exceptions have been recognized where the ordinary experience of the fact finder provides a sufficient basis for judging the adequacy of the professional service rendered (*see, S & D Petroleum Co. v Tamsett*, 144 AD2d 849, 850) or where the attorney's conduct falls below any standard of due care and the plaintiff's conduct is not really involved (*see, Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 514, *lv dismissed* 77 NY2d 940).

We find that defendant's failure to commence a lien foreclosure action or to seek a court order extending the CD/M lien was a breach of defendant's professional duty as a matter of law and that this negligence was a proximate cause of plaintiffs' damages, the amount of which will be determined at trial (*see, S & D Petroleum Co. v Tamsett, supra,* at 850; *see also, Deb-Jo Constr. v Westphal*, 210 AD2d 951; *Peoples Natl. Bank v Weiner*, 129 AD2d 782). Defendant claims that APS was not damaged by its conduct because Firemen's was not legally required to pay the amount of the arbitration award and would have been so obligated only if the amount of the lien was determined in a lien foreclosure action (*see, J. Castronovo, Inc. v Hillside Dev. Corp.*, 160 AD2d 763). Defendant also argues that APS was not damaged because APS participated in the *Rifenburg* class action and received approximately $10,000 when the case was settled. Both of these arguments fail to take into account the fact that the lien was discharged and the $80,000 surety bond released precisely *because* of defendant's failure to timely commence a lien foreclosure action or to seek an extension of the lien. As a result, APS was forced to look to the *Rifenburg* settlement fund as its sole source of recovery. Defendant cannot use its own negligent conduct to shield itself from its own malpractice.

We find that defendant's failure to protect the lien at issue in the second cause of action similarly constituted malpractice. Defendant does not dispute that it failed to commence a lien foreclosure action or to seek a court order extending the lien. Rather, defendant contends that APS has not been damaged because it still possesses a cause of action for breach of contract. We agree with Supreme Court that this conclusory statement does not constitute evidence in an admissible form

that would demonstrate the existence of a factual issue requiring a trial on the issue of liability (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Supreme Court properly denied defendant's cross motion seeking dismissal of the third cause of action, as plaintiffs have made a showing of damages sufficient for summary judgment purposes (*see, Nembach v Giaimo & Vreeburg*, 209 AD2d 222, 223). The exact amount of damages can be ascertained at trial. Similarly, Supreme Court correctly denied defendant's motion for summary judgment dismissing all claims asserted by Deitz individually. We agree with Supreme Court that a question of fact exists as to whether defendant represented Deitz in an individual capacity. Finally, Supreme Court properly dismissed defendant's second affirmative defense. Although Deitz failed to list his claims against defendant in his bankruptcy petition, there is evidence in the record that he brought this claim to the attention of the chapter 13 trustee at the first meeting of creditors in 1992. Because the trustee had actual knowledge of the claim at the earliest stages of the bankruptcy proceeding, we find that Deitz retains the capacity to sue defendant in the case at bar (*see, Weiss v Goldfeder*, 201 AD2d 644, 645; *compare, Reynolds v Blue Cross*, 210 AD2d 619, 619-620; *DeLarco v De-Witt*, 136 AD2d 406). Accordingly, the order of Supreme Court should in all respects be affirmed.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, with costs.