■ DANIEL F. ASHLEY, Respondent, v MANEY, McCONVILLE & LICCARDI, et al., Appellants. [674 NYS2d 492] —Mercure, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered March 12, 1997 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff engaged defendant Maney, McConville & Liccardi, a law firm, and particularly defendant Anthony Maney to represent him in connection with the sale of two vacant building lots in the City of Troy, Rensselaer County. Plaintiff entered into contracts for the sale of the lots to Addition Master, Inc.

(hereinafter the buyer). When plaintiff refused to close on the contracts, the buyer filed a notice of pendency and commenced an action for specific performance of the contracts (hereinafter the underlying action). Shortly after service of the complaint, settlement negotiations ensued and quickly advanced to an apparent resolution of the underlying action. Plaintiff, however, refused to sign the stipulation of settlement, by which time plaintiff was in default in serving an answer.

Plaintiff then engaged substitute counsel. Shortly thereafter, the buyer moved for a default judgment; plaintiff served an answer and, after it was rejected, moved for an order compelling its acceptance. Supreme Court granted the buyer's motion and denied plaintiff's motion on the basis of plaintiff's failure to move to compel acceptance of a late answer prior to the buyer's motion for a default judgment and plaintiff's failure to establish a reasonable excuse for the delay or a meritorious defense. Plaintiff's subsequent appeal from Supreme Court's order was dismissed for failure of prosecution. Ultimately, plaintiff settled the underlying action.

Plaintiff then commenced this legal malpractice action, seeking damages proximately caused by defendants' default in timely serving an answer in the underlying action. Following joinder of issue, defendants moved for summary judgment dismissing the complaint upon the assertions that (1) the underlying action was meritorious and plaintiff had no viable defense to it, (2) based upon the ongoing settlement negotiations and apparent settlement of the underlying action, defendants' failure to serve a timely answer was justified, and (3) plaintiff's failure to obtain an order permitting service of a late answer in the underlying action was based either upon the substitute counsel's malpractice or the fact that plaintiff had no meritorious defense to the action. Supreme Court denied the motion and defendants appeal.

We agree with Supreme Court that the parties' submissions on the summary judgment motion leave unresolved factual issues as to whether, in failing to timely answer the complaint in the underlying action, defendants failed to exercise the requisite degree of skill and, if so, whether their malpractice was a proximate cause of plaintiff's damages. We accordingly affirm. By itself, defendants' undisputed failure to timely interpose an answer in the underlying action constituted prima facie evidence of malpractice (*see, Deitz v Kelleher & Flink*, 232 AD2d 943, 945; *S & D Petroleum Co. v Tamsett*, 144 AD2d 849), relieving plaintiff of any obligation to oppose the motion with competent evidence of malpractice (*see, Winegrad v New*

*York Univ. Med. Ctr.*, 64 NY2d 851, 853). We are similarly un-persuaded that defendants satisfied their initial burden on the issue of proximate causation by coming forward with prima facie evidence that the underlying action could not have been successfully defended even if a timely answer had been interposed. Neither the real estate contracts between plaintiff and the buyer nor the pleadings or decisions rendered in the underlying action are sufficiently probative on the issue, and we reject defendants' erroneous contention that plaintiff had the burden of establishing his cause of action on defendants' summary judgment motion (*see, id.*).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.