■ MARTIN SHAPIRO et al., Respondents, v EARL D. BUTLER, Individually and as a Shareholder of EARL D. BUTLER, P. C., et al., Appellants. [709 NYS2d 687] —Spain, J. P. Appeal from an order of the Supreme Court (Monserrate, J.), entered June 14, 1999 in Broome County, which, *inter alia*, partially granted plaintiffs' motion for partial summary judgment as to liability on the first cause of action.

Plaintiffs commenced this action alleging, *inter alia*, defendants' legal malpractice in failing to timely interpose an answer on plaintiffs' behalf in a Federal civil action in which they and plaintiff Martin Shapiro's two sons were named as defendants. The Federal action was based on allegations of illegal interception and disclosure of telephone conversations in violation of 18 USC §§ 2511 and 2520. After a default judgment was entered in the Federal action and their motion to vacate the default was denied, plaintiffs retained new counsel and agreed

to a settlement of the Federal action. Following joinder of issue and discovery in this action, the parties cross-moved for summary judgment. Supreme Court granted plaintiffs' motion for partial summary judgment on the issue of liability on their legal malpractice cause of action and denied defendants' motion for summary judgment seeking dismissal of the complaint. Defendants appeal.

Defendants contend that in the absence of expert evidence, Supreme Court erred in granting summary judgment to plaintiffs on the issue of defendants' failure to exercise the requisite care, skill and diligence commonly possessed by a member of the legal profession. Expert evidence is not required "where the ordinary experience of the fact finder provides sufficient basis for judging the adequacy of the professional service" (*S & D Petroleum Co. v Tamsett*, 144 AD2d 849, 850; *accord, Deitz v Kelleher & Flink*, 232 AD2d 943, 945). Inasmuch as an attorney's failure to timely interpose an answer in an action in which his or her client is a defendant constitutes prima facie evidence of legal malpractice (*see, Ashley v Maney, McConville & Liccardi*, 251 AD2d 862, 863), no expert evidence was required in this case.

Defendants also claim that plaintiffs' culpable conduct, including their failure to authorize service of answers until after the time to do so had expired, caused the default. Assuming that plaintiffs' culpable conduct could constitute a complete defense to defendants' failure to interpose a timely answer, rather than a matter in mitigation of damages (*but see, Caiati v Kimel Funding Corp.*, 154 AD2d 639), defendants' failure to protect their clients—by seeking an extension of time to answer—is further evidence of malpractice (*see, Deitz v Kelleher & Flink, supra*, at 945). Although defendants assert in their brief that they were not authorized to appear at all in the Federal action, there is no evidence that they were precluded from seeking an extension while their clients decided what course of action to pursue. Defendant Earl D. Butler warned his clients of the need to timely answer, but there is no evidence that he suggested that they seek an extension or made any effort to seek one. In denying the motion to vacate the default in the Federal action, the Federal District Court noted that "a simple telephone call seeking additional time, or a request for a formal extension of time to answer, could have obviated this motion." Supreme Court correctly concluded that as a matter of law defendants' failure to timely interpose an answer or seek an extension of time to answer in the Federal action constituted a breach of the standard of professional care and skill.

However, among the elements necessary to establish a prima facie case of legal malpractice is proof that, absent the attorney's negligence, the client would have been successful in the underlying action (*see, C & F Pollution Control v Fidelity & Cas. Co.*, 222 AD2d 828, 829; *Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132).

Relying on evidence in defendants' motion papers that during the Federal litigation Butler advised plaintiffs that a jury was not likely to find them guilty of illegal wiretapping, Supreme Court concluded that defendants could not assert an inconsistent claim in this case. However, while Butler's advice was sufficient to demonstrate that plaintiffs have a cause of action for the purpose of denying defendants' request to dismiss the complaint for failure to state a cause of action (*cf., Metz v Coopers & Lybrand*, 210 AD2d 624, 626), there is no basis to preclude defendants from now arguing that plaintiffs would not have prevailed in the Federal action.

Plaintiffs' reliance on the doctrine of judicial estoppel is misplaced. "Under this doctrine, 'where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position'" (*Hinman, Straub, Pigors & Manning v Broder*, 124 AD2d 392, 393, quoting *Davis v Wakelee*, 156 US 680, 689; *accord, Moore v County of Clinton*, 219 AD2d 131, 134, *lv denied* 89 NY2d 851). Butler was not a party to the Federal action and, in any event, because Butler's position was not adopted by the court in the Federal action, the doctrine of judicial estoppel is inapplicable (*see, Northern Metro. Residential Health Care Facility v Ledri Realty Assocs.*, 179 AD2d 133, 137).

The record demonstrates that there are questions of fact on the issue of whether, absent defendants' negligence, plaintiffs would have prevailed in the Federal action. Shapiro submitted an affidavit in which he alleged that he had no involvement in the interception of any telephone calls or other communications and that he neither possessed, listened to nor disclosed any recordings of telephone calls or other communications. To demonstrate Shapiro's involvement in the illegal wiretapping, defendants rely on the affidavit of John Leip, whose allegations that Shapiro possessed and listened to these tape recordings are based on statements made by one of Shapiro's sons. The son's statement to Leip that he gave the tapes to his father appears to be an admission that he disclosed the contents of conversations contained on the tapes. In any event, hearsay may be considered in opposition to a motion for summary judg-

ment provided there is an acceptable excuse for the failure to meet the requirement of tender in admissible form (*see, Chrysler First Fin. Servs. Corp. v De Premis*, 225 AD2d 1003, 1004).

Here, the son's relationship with Shapiro makes it unlikely that defendants could have obtained an affidavit from the son. It is worth noting that plaintiffs submitted affidavits from the son which contain no denial of Leip's allegation. Plaintiffs also submitted the affidavit of an officer of plaintiff Smartplay USA, Inc. who alleged that the corporation was not involved in any illegal wiretapping activity, but Shapiro's two sons who allegedly were involved in that activity were also officers of Smartplay and they have not alleged that they were not acting on behalf of the corporation. These and other factual issues, including the scope of the release upon which Shapiro relies, preclude an award of summary judgment to either party on the question of whether plaintiffs would have prevailed in the Federal action.

Defendants also contend that summary judgment should be granted to defendant David Butler because Earl Butler was solely responsible for representing plaintiffs in the Federal action. However, defendants did not raise this issue in their motion papers, which include evidence that David Butler performed some legal research with regard to the Federal action, and there is no affidavit from David Butler describing his involvement, or lack thereof, in the representation of plaintiffs. Finally, inasmuch as the record fails to establish as a matter of law that plaintiffs voluntarily settled the Federal action and were not effectively compelled to do so by defendants' negligence, plaintiffs' settlement of that action does not entitle defendants to summary judgment dismissing the legal malpractice claim (*see, Lattimore v Bergman*, 224 AD2d 497).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment on the issue of liability on their legal malpractice claim; said motion denied; and, as so modified, affirmed.