■ LEONORA NATALE et al., Appellants, v JEFFREY SAMEL & ASSOCIATES et al., Respondents. [764 NYS2d 883] —In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated September 5, 2001, as, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the first through fourth causes of action in the complaint and denied their cross motion to strike the answer or, in the alternative, to compel the defendants to respond to their discovery requests with leave to re-serve amended discovery requests (2), as limited by their brief, from so much of an order of the same court dated September 28, 2001, as, sua sponte, denied their cross motion to strike the answer or, in the alternative, to compel the defendants to respond to their discovery requests outright, (3) from an order of the same court dated November 21, 2001, which, sua sponte, remitted the defendants' counterclaims to the County Court, Nassau County, and (4), as limited by their brief, from so much of a judgment of the same court entered December 5, 2001, as, upon the orders, in effect, dismissed the first through fourth causes of action in the complaint and severed the defendants' counterclaims.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]), and, in any event, no appeal lies as of right from the orders dated September 28, 2001, and November 21, 2001, as they did not decide motions made on notice, and leave to appeal has not been granted (*see* CPLR 5701 [a], [c]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To succeed in an action to recover damages for legal malpractice, a plaintiff must establish that (1) the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, (2) the attorney's negligence was a proximate cause of the loss sustained, (3) the plaintiff incurred damages as a direct result of the attorney's actions, and (4) the plaintiff would have been successful if the attorney had exercised due care (*see Zasso v Maher,* 226 AD2d 366 [1996]). Here, the defendants established their entitlement to summary judgment dismissing the first through fourth causes of action in the complaint by demonstrating that the plaintiffs were unable to prove that the defendants negligently represented them (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to submit an expert affidavit delineating the appropriate standard of professional care and skill to which the defendants were required to adhere under the circumstances, even though their claims involved allegations that ordinary jurors could not evaluate based on their own knowledge and experience. Accordingly, the Supreme Court properly granted summary judgment to the defendants, in effect, dismissing the first through fourth causes of action in the complaint (*see Schadoff v Russ,* 278 AD2d 222 [2000]; *Zasso v Maher, supra; Brown v Samalin & Bock,* 168 AD2d 531 [1990]; *cf. Shapiro v Butler,* 273 AD2d 657 [2000]; *S & D Petroleum Co. v Tamsett,* 144 AD2d 849 [1988]).

The plaintiffs' remaining contentions are without merit. Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.