■ ROBERT CAIRES et al., Appellants, v SIBEN & SIBEN, LLP, Respondent. [767 NYS2d 785]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Burke, J.), dated January 8, 2003, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs contend that the defendant, the plaintiffs' counsel in a prior lawsuit to recover damages for personal injuries, committed legal malpractice by failing to submit expert evidence in opposition to a motion for summary judgment.

To establish negligence and proximate cause in a legal malpractice case, the plaintiffs "must demonstrate that the attorney failed to exercise that degree of skill commonly exercised by an ordinary member of the legal community, and that but for the failure to exercise that requisite degree of skill the result sought by the plaintiff would . . . have been achieved" (*Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin,* 209 AD2d 510 [1994]). For the defendant to succeed on a motion for summary judgment, "evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements of a malpractice cause of action" (*Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303 [1999]).

In support of its motion, the defendant met its prima facie burden of disproving the elements of negligence and proximate cause. In response, the plaintiffs submitted the affirmation of an attorney, presented as their "expert," who offered a bare legal opinion and conclusory statement that the defendant's failure to retain an expert in the prior lawsuit constituted legal malpractice. This evidence was insufficient to raise a triable issue of fact as to the defendant's negligence (*see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass,* 301 AD2d 63, 68-69 [2002]). The additional expert statements offered by the plaintiffs were not in proper evidentiary form and therefore could not be relied upon to raise a triable issue of fact (*see e.g. Hargrove v Baltic Estates,* 278 AD2d 278, 278-279 [2000]). Thus, the defendant's motion for summary judgment was properly granted and the plaintiffs' cross motion for summary judgment was properly denied. McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.