■ KAYODE S. OLAIYA, Appellant, v MICHAEL GOLDEN, Respondent. [846 NYS2d 604]—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 31, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. To prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed

by a member of the legal profession and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages (see *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *Avery v Sirlin,* 26 AD3d 451 [2006]; *Natale v Samel & Assoc.,* 308 AD2d 568, 569 [2003]). In order to make a prima facie showing on a motion for summary judgment, the defendant attorney must present admissible evidence that the plaintiff cannot prove at least one of these elements (see *Caires v Siben & Siben,* 2 AD3d 383, 384 [2003]; *Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303 [1999]). Here, the defendant established his entitlement to judgment as a matter of law with evidence that his conduct was not a proximate cause of the plaintiff's loss of employment with the New York City Department of Juvenile Justice. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (see CPLR 3212 [b]). Crane, J.P., Fisher, Carni and McCarthy, JJ., concur. [*See* 12 Misc 3d 1189(A), 2007 NY Slip Op 51503(U) (2007).]