ALICE WHALEN, Respondent-Appellant, v DEGRAFF, FOY, CONWAY HOLT-HARRIS & MEALEY, Now Known as DEGRAFF, FOY, KUNZ & DEVINE, LLP, Appellant-Respondent. [863 NYS2d 100]—

Stein, J. Cross appeals (1) from an order of the Supreme Court (Hard, J.), entered July 6, 2007 in Albany County, which denied the parties' motions for summary judgment, and (2) from an order of said court, entered November 15, 2007 in Albany County, which, upon reargument, adhered to its prior decision.

Plaintiff initially retained defendant to recover her interest in a partnership, Pearcove Associates, LP. Defendant ultimately secured a judgment in the amount of $1,235,976 against Julius Gerzof. In January 1995, before the judgment was satisfied, Gerzof died a resident of Florida. In April 1995, defendant sought the assistance of Scott Cagan, a Florida attorney who was then with the firm of Bailey, Hunt, Jones and Besto (hereinafter Bailey), in preserving plaintiff's rights as against Gerzof's Florida estate. Initially, as pertinent here, defendant simply requested that Cagan determine whether an estate had been opened and advise as to the time in which it would be necessary to make a claim against the estate and the manner of doing so. Shortly thereafter, Bailey advised defendant that an estate had not yet been opened and that Bailey would take no further actions regarding the estate until instructed to do so by defendant. In August 1995, defendant notified plaintiff that defendant had retained Bailey "to follow the Gerzof estate and file

any claims . . . required with respect to [her] judgment against Julius Gerzof."

In the meantime, defendant was negotiating with the Gerzof estate attorneys to attempt to settle plaintiff's judgment. Defendant learned that an estate was opened in early 1996 and instructed Bailey to file a notice of claim in late February 1996.[1] On or about February 23, 1996, defendant sent Bailey the information necessary to file the notice of claim. The Gerzof estate attorneys advised defendant in early 1998 that a notice of claim had not been filed within the required time; consequently, they withdrew all offers of settlement and ended negotiations. Ultimately, plaintiff was unable to satisfy any of her judgment from the substantial assets of the estate.

Plaintiff commenced this action against defendant alleging, among other things, that defendant was vicariously liable for the negligence of Bailey and/or negligently failed to supervise Bailey in filing the notice of claim in Florida. Defendant then moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. Supreme Court denied the respective motions in a July 2006 order. Plaintiff moved for leave to reargue and/or renew and defendant moved for reargument. Upon reargument, Supreme Court, in November 2007, adhered to its original determination. The parties now cross-appeal from both the 2006 and 2007 orders.[2]

Plaintiff contends that defendant is liable for damages resulting from Bailey's failure to file the notice of claim either on the basis that defendant had a nondelegable duty to file such notice of claim or based upon defendant's negligent supervision of Bailey. Defendant maintains that its duty to plaintiff was completely met when it retained Bailey to file the notice of claim and that it was entitled to rely on Bailey to perform that act.

The general rule is that "[a] firm is not ordinarily liable . . . for the acts or omissions of a lawyer outside the firm who is working with firm lawyers as co-counsel or in a similar arrangement" (Restatement [Third] of Law Governing Lawyers § 58, Comment e), as such a lawyer is usually an independent agent of the client. Here, however, defendant solicited Cagan and

---

**1.** Although the evidence is not conclusive as to whether defendant actually instructed Bailey to file the notice of claim, that issue is not relevant for purposes of this appeal.

**2.** Plaintiff has not addressed herein her contention before Supreme Court that she is entitled to a finding, as a matter of law, that defendant also failed to properly use judgment enforcement devices in New York. Therefore, that issue is deemed abandoned.

Bailey and obtained their assistance without plaintiff's knowledge. Although plaintiff was later advised that Bailey had been retained by defendant, she had no contact with Bailey and did not enter into a retainer agreement with that firm. Defendant concedes that plaintiff completely relied on defendant to take the necessary steps to satisfy her judgment against Gerzof. Under these circumstances, defendant assumed responsibility to plaintiff for the filing of the Florida estate claim and Bailey became defendant's subagent (*see* Restatement [Third] of Law Governing Lawyers § 58, Comment *e*). Therefore, defendant had a duty to supervise Bailey's actions (*see* Restatement [Third] Agency § 3.15; Restatement [Second] Agency §§ 5, 406).[3]

While plaintiff would ordinarily be required to submit an affidavit of an expert setting forth the applicable standard of care in order to obtain summary judgment in her favor (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), no such affidavit is necessary here because it is undisputed that defendant knew of the deadline for filing the notice of claim and took no steps whatsoever to even inquire as to the status of that filing between February 1996 and January 1998 (*see Shapiro v Butler*, 273 AD2d 657, 658 [2000]; *S & D Petroleum Co. v Tamsett*, 144 AD2d 849, 850 [1988]). Thus, plaintiff's motion for summary judgment should have been granted to the extent of awarding her judgment as a matter of law with respect to defendant's negligence in failing to supervise Bailey. In light of this determination, we find that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d at 562; *Guiles v Simser*, 35 AD3d 1054, 1055 [2006]).

We have considered the parties' remaining contentions and find them to be either academic or unpersuasive.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion for summary judgment with respect to the cause of action for failure to supervise; cross motion granted to that extent; and, as so modified, affirmed.

---

**3.** Notably, we are not concerned here with the manner in which complex legal matters were handled by out-of-state attorneys. Rather, as defendant concedes, the omission in question is a failure to file a document, a "relatively simple matter" which does not even require the expertise of an attorney (*see* Fla Stat Ann § 733.703).