Security Plans, Inc. v Harter Secrest & Emery, LLP (2021 NY Slip Op 07382)





Security Plans, Inc. v Harter Secrest & Emery, LLP


2021 NY Slip Op 07382


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


898 CA 21-00085

[*1]SECURITY PLANS, INC., FORMERLY KNOWN AS CREDITOR SERVICES, INC., PLAINTIFF-APPELLANT-RESPONDENT,
v
HARTER SECREST & EMERY, LLP, FRED G. ATEN, ESQ., JERAULD E. BRYDGES, ESQ., JEFFREY A. WADSWORTH, ESQ., AND CRAIG S. WITTLIN, ESQ., DEFENDANTS-RESPONDENTS-APPELLANTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ANNE K. BOWLING OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
CONNORS, LLP, BUFFALO (VINCENT E. DOYLE, III, OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 7, 2021. The order, among other things, denied in part plaintiff's motion for, inter alia, partial summary judgment and denied defendants' cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this legal malpractice action alleging that defendants were negligent with respect to their representation of plaintiff in certain litigation in federal court. Contrary to plaintiff's contention on appeal, Supreme Court properly denied that part of its motion seeking summary judgment on liability. Plaintiff did not meet its initial burden of establishing that defendants "failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community" (Greene v Payne, Wood & Littlejohn , 197 AD2d 664, 666 [2d Dept 1993]; see Deitz v Kelleher & Flink , 232 AD2d 943, 944 [3d Dept 1996]). Likewise, contrary to defendants' contention on cross appeal, the court properly denied their cross motion for summary judgment dismissing the amended complaint inasmuch as defendants failed to meet their initial burden (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]). We have reviewed plaintiff's remaining contentions on appeal and defendants' remaining contentions on cross appeal and conclude that none warrants reversal or modification of the order.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court