Aberbach-Marolda v Cherner

2026 NY Slip Op 02089

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Susanne Aberbach-Marolda, etc., respondent, et al., plaintiff,

v

Daniel Cherner, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2019-09826, (Index No. 58495/16)

Mark C. Dillon, J.P.

Betsy Barros

Paul Wooten

William G. Ford, JJ.

The Cherner Firm (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.

Susanne Aberbach-Marolda, Pleasantville, NY, respondent pro se.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Westchester County (William J. Giacomo, J.), dated August 13, 2019. The judgment, (1) upon an order of the same court (Joan B. Lefkowitz, J.) dated April 30, 2018, inter alia, denying those branches of the defendant's motion which were to compel the plaintiff Susanne Aberbach-Marolda to provide authorizations for Internet providers to release certain emails, to pay the fees and costs associated with her deposition, to provide a sworn statement detailing all claims made on her malpractice insurance policy over a certain period of time, and to produce certain bank and telephone records, granting that branch of the defendant's motion which was to compel the plaintiff Susanne Aberbach-Marolda to appear for a new deposition only to the extent of directing her to appear for a deposition limited to certain lines of inquiry, and granting that branch of the motion of the plaintiff Susanne Aberbach-Marolda and Doris T. Friedman which was to preclude the defendant from introducing at trial video recordings of the deposition of the plaintiff Susanne Aberbach-Marolda, (2) upon an order of the same court (Joan B. Lefkowitz, J.) dated December 17, 2018, inter alia, denying those branches of the defendant's motion which were to compel the plaintiff Susanne-Aberbach Marolda to provide authorizations for Internet providers to release certain emails, to appear for a new deposition and to pay the fees and costs associated with her deposition, to provide a sworn statement detailing all claims made on her malpractice insurance policy over a certain period of time, and to produce certain telephone records, (3) upon an order of the same court (Joan B. Lefkowitz, J.) dated March 6, 2019, denying the defendant's motion to vacate the note of issue and trial readiness order, and (4) upon a jury verdict, is in favor of the plaintiff Susanne Aberbach-Marolda and against the defendant in the principal sum of $56,148.98 and, in effect, dismissed the defendant's counterclaims. Justice Ford has been substituted for former Justice Zayas (see 22 NYCRR 1250.1[b]).

ORDERED that the judgment is affirmed, with costs.

This appeal stems from a fee dispute. In September 2013, the defendant retained the plaintiff Susanne Aberbach-Marolda to represent him in a matrimonial action. At the same time, with the knowledge and consent of the defendant, Doris T. Friedman became of counsel to Aberbach-Marolda on the matrimonial action. The representation of the defendant by Aberbach-Marolda and Friedman included a multiday nonjury trial on the issues of equitable distribution and [*2]culminated in a judgment of divorce entered January 21, 2016 (see Ospina-Cherner v Cherner, 178 AD3d 1059). In June 2016, Aberbach-Marolda and Friedman commenced this action against the defendant, inter alia, to recover damages for breach of contract, alleging that the defendant had not paid the majority of his attorneys' fees. The defendant interposed an answer containing 35 counterclaims, including counterclaims to recover damages for legal malpractice.

After court conferences were conducted in October and December 2017, the defendant moved, among other things, to compel Aberbach-Marolda to provide authorizations for Internet providers to release certain emails, to appear for a new deposition and to pay the fees and costs associated with her deposition, to provide a sworn statement detailing all claims made on her malpractice insurance policy over a certain period of time, and to produce certain bank and telephone records. Aberbach-Marolda and Friedman moved, inter alia, to preclude the defendant from introducing at trial video recordings of Aberbach-Marolda's deposition. In an order dated April 30, 2018, the Supreme Court, among other things, granted that branch of the motion of Aberbach-Marolda and Friedman which was to preclude the defendant from introducing at trial video recordings of Aberbach-Marolda's deposition, granted that branch of the defendant's motion which was to compel Aberbach-Marolda to appear for a new deposition to the extent of directing her to appear for a deposition limited to certain lines of inquiry, and denied those branches of the defendant's motion which were to compel Aberbach-Marolda to provide authorizations for Internet providers to release certain emails, to pay the fees and costs associated with her deposition, to provide a sworn statement detailing all claims made on her malpractice insurance policy over a certain period of time, and to produce certain bank and telephone records.

In September 2018, the defendant moved for leave to amend his counterclaims. In an order dated October 30, 2018, the Supreme Court denied the motion. Subsequently, the court denied the defendant's motion for leave to renew and reargue his prior motion for leave to amend his counterclaims.

In November 2018, the defendant moved, inter alia, to compel Aberbach-Marolda to provide authorizations for Internet providers to release certain emails, to appear for a new deposition and to pay the fees and costs associated with her deposition, to provide a sworn statement detailing all claims made on her malpractice insurance policy over a certain period of time, and to produce certain telephone records. In an order dated December 17, 2018, the Supreme Court, among other things, denied those branches of the motion.

In January 2019, the defendant moved for summary judgment on his counterclaims. Shortly thereafter, the defendant moved to vacate the note of issue and trial readiness order, contending that discovery was not yet completed because he had not received the discovery requested in previous orders. In an order dated February 26, 2019, the Supreme Court, inter alia, denied the defendant's motion for summary judgment on his counterclaims. In an order dated March 6, 2019, the court denied the defendant's motion to vacate the note of issue and trial readiness order as both procedurally defective and without merit.

The action proceeded to a jury trial. At the close of Aberbach-Marolda and Friedman's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court granted that branch of the motion which was for judgment as a matter of law dismissing the complaint insofar as asserted by Friedman and, in effect, denied that branch of the motion which was for judgment as a matter of law dismissing the complaint insofar as asserted by Aberbach-Marolda. The court also granted Friedman's motion for judgment as a matter of law dismissing the counterclaims insofar as asserted against her. Thereafter, the jury returned a verdict, among other things, finding that Aberbach-Marolda performed all of the services she agreed to perform for the defendant and that the defendant failed to pay the sum of $56,148.98 to Aberbach-Marolda for her services. The jury further found that Aberbach-Marolda did not commit legal malpractice. The court issued a judgment dated August 13, 2019, in favor of Aberbach-Marolda and against the defendant in the principal sum of $56,148.98 and, in effect, dismissing the defendant's counterclaims. The defendant appeals.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying that branch of his motion which was to compel Aberbach-Marolda to provide authorizations for Internet providers to release certain emails. "Disclosure in civil actions is generally governed by CPLR 3101(a), which provides that '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Abedin v Osorio, 188 AD3d 764, 766). "At the same time, however, the principle of full disclosure does not give a party the right to uncontrolled and unfettered disclosure. It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (Mendives v Curcio, 174 AD3d 796, 797 [citations and internal quotation marks omitted]). "'The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629). Here, the court directed that Aberbach-Marolda and Friedman tender an affirmation attesting that they produced all of the responsive correspondence in their possession and that any further correspondence that had not been provided would be precluded at trial. Further, the correspondence requested was also sent to the defendant's email address, meaning that he could have retrieved this correspondence from his own account. Accordingly, as the defendant failed to show how his request for authorization to release certain emails was reasonably calculated to lead to the discovery of information bearing on the causes of action, we perceive no reason to disturb the court's determination to deny this request.

The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to compel Aberbach-Marolda to appear for a new deposition only to the extent of directing her to appear for a new deposition on 12 specific lines of inquiry. To the extent that the defendant requested an additional deposition beyond what was directed, his request was without merit. Further, the court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was to compel Aberbach-Marolda pay the fees and costs associated with her first deposition, as she neither left the deposition early nor refused to answer clear questions (cf. O'Neill v Ho, 28 AD3d 626).

Furthermore, the Supreme Court did not err in granting that branch of the motion of Aberbach-Marolda and Friedman which was to preclude the defendant from introducing at trial video recordings of Aberbach-Marolda's deposition. Pursuant to a compliance conference order dated December 20, 2017, Aberbach-Marolda's deposition was scheduled to be conducted in New York on February 2, 2018, and pursuant to a stipulation of the parties, if Aberbach-Marolda's deposition continued after that date, it would be continued by video while she was in South Carolina. One day prior to Aberbach-Marolda's deposition in New York, the defendant's attorneys sent a fax to Aberbach-Marolda confirming that the deposition would be videotaped, without including any information regarding the videotape operator. Aberbach-Marolda and Friedman objected to the video deposition but ultimately participated.

Section 202.15 of the Uniform Rules for the New York State Trial Courts requires that "[e]very notice or subpoena for the taking of a videotaped deposition shall state that it is to be videotaped and the name and address of the videotape operator and of the operator's employers, if any" (22 NYCRR 202.15[c]). CPLR 3107 requires a party desiring to take the deposition of another person to give each party 20 days' notice. The interplay between 22 NYCRR 202.15(c) and CPLR 3107 requires that a videotaped deposition must be properly noticed at least 20 days prior. As the

defendant's deposition notice was procedurally improper, the Supreme Court did not err in precluding the introduction at trial of video recordings of Aberbach-Marolda's deposition (see id. § 3103[c]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to compel Aberbach-Marolda to provide a sworn statement detailing all claims made on her malpractice insurance policy during the time that she represented him. Such a statement would have no probative value in this case, where it is undisputed that Aberbach-Marolda's malpractice insurance policy lapsed in September 2014, well prior to the defendant's [*3]claims.

The Supreme Court also providently exercised its discretion in denying that branch of the defendant's motion which was to compel Aberbach-Marolda to produce certain bank and telephone records. The defendant does not deny that Aberbach-Marolda and Friedman had produced documents in response to his request for bank records, and there is no indication in the record that there were any requests outstanding in this regard. As for Aberbach-Marolda's telephone records, the defendant's motion provided little explanation as to why these records are relevant to his case. Under the circumstances, where the court was "actively involved in managing the case and [was] intimately familiar with the particularities of the matter," there is no basis in this record to disturb the determination that the defendant's request for Aberbach-Marolda's telephone records amounted to nothing more than a fishing expedition (Auerbach v Klein, 30 AD3d 451, 452).

The Supreme Court properly denied the defendant's motion to vacate the note of issue and trial readiness order. "A statement in a certificate of readiness to the effect that all pretrial discovery has been completed is a 'material fact' within the meaning of 22 NYCRR 202.21(e), and where that statement is incorrect, the note of issue should be vacated" (Jablonsky v Nerlich, 189 AD3d 1561, 1563). "However, '[t]o vacate [a] note of issue, discovery requests must be legitimate and pending,' and 'not resolved or contrived'" (id., quoting Ireland v GEICO Corp., 2 AD3d 917, 918). Here, at the time of the defendant's motion to vacate, he had already moved to compel the discovery that he claimed was incomplete, twice, and those motions had been determined. Therefore, the defendant failed to prove that there were any legitimate and pending outstanding discovery requests necessary to vacate the note of issue and trial readiness order.

The Supreme Court providently exercised its discretion in denying the defendant's motion for leave to amend his counterclaims. "'Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit'" (Douglas Elliman, LLC v Bergere, 98 AD3d 642, 643 [internal quotation marks omitted], quoting Clark v Clark, 93 AD3d 812, 816). "'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640, quoting Cohen v Ho, 38 AD3d 705, 706). Further, CPLR 3025(b) requires that "any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading." Here, the defendant provided no excuse as to why he waited nine months, and after discovery and depositions were complete, to seek leave to amend his counterclaims. At that point in the litigation, amending the counterclaims would have been prejudicial to Aberbach-Marolda and Friedman by delaying the trial and requiring additional discovery. Moreover, the defendant's proposed amended counterclaims failed to clearly show the changes or additions to be made to the pleadings (see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d 728, 729; Mendoza v Enchante Accessories, Inc., 185 AD3d 675, 679).

The Supreme Court properly limited the testimony at trial of the defendant's expert witness. "'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505, quoting Dempster v Liotti, 86 AD3d 169, 176). "Expert evidence generally is required if the basis for judging the adequacy of professional service is not within the ordinary experience of the fact finder" (Zasso v Maher, 226 AD2d 366, 367 [internal citations omitted]). However, bare legal opinion and conclusory statements by experts are insufficient to raise a triable issue of fact (see Brady v Bisogno & Meyerson, 32 AD3d 410; Caires v Siben & Siben, 2 AD3d 383). Further, "[e]xpert opinion as to a legal conclusion is impermissible" (Colon v Rent-A-Center, 276 AD2d 58, 61). Here, the defendant's expert could not testify as to whether the defendant's pendente lite motion in the underlying matrimonial action would have been granted if the circumstances were different, as such testimony necessarily would have been speculative and conclusory. Furthermore, it would have been impermissible for the defendant's expert to opine as [*4]to whether Aberbach-Marolda substantially complied with 22 NYCRR 1400.2 and 1400.3, as that determination calls for a legal conclusion based upon the factual findings of the jury.

Contrary to the defendant's contention, the Supreme Court properly, in effect, denied that branch of his motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted by Aberbach-Marolda. CPLR 4401 states that "[a]ny party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue, or at any time on the basis of admissions." "'A motion for judgment as a matter of law pursuant to CPLR 4401 . . . may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Rumford v Singh, 130 AD3d 1002, 1003-1004, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844). "In determining such a motion, the court must consider the facts in a light most favorable to the nonmoving party, which must be afforded every inference that may properly be drawn from the facts presented" (Ippolito v Consolidated Edison of N.Y., Inc., 177 AD3d 715, 717).

According to the defendant, he was entitled to judgment as a matter of law because (1) Aberbach-Marolda was precluded from offering almost all of her claimed bills, (2) Aberbach-Marolda did not admit or seek to admit emails proving when her bills were sent, (3) Aberbach-Marolda's retainer agreement and statement of client's rights and responsibilities did not include all of the necessary clauses, and (4) Aberbach-Marolda's billing entries lacked sufficient itemization. However, Aberbach-Marolda was not precluded from offering her bills, which were attached to the complaint and accessible to the defendant from the commencement of the action. Aberbach-Marolda was neither required to admit the emails indicating when the bills were sent nor legally required to keep these emails (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.15). Further, the determination of whether there was substantial compliance with 22 NYCRR 1400.2 and 1400.3, as well as whether the bills were sufficiently itemized, were factual issues within the purview of the jury.

The defendant's contention that the Supreme Court erred in its charge to the jury is without merit, as the court's instructions adequately conveyed the sum and substance of the applicable law to be charged (see Kelly v New York City Health & Hosps. Corp., 194 AD3d 1032). The verdict sheet and the court's responses to the jury's questions were also proper.

The defendant seeks review of so much of the order dated February 26, 2019, as denied his motion for summary judgment on his counterclaims. We address the issue of reviewability sua sponte because it is jurisdictional in nature (see Dyszkiewicz v City of New York, 218 AD3d 546, 547). The portion of the order dated February 26, 2019, denying the defendant's motion for summary judgment on his counterclaims did not necessarily affect the judgment and, therefore, cannot be reviewed on the appeal from the judgment (see CPLR 5501[a][1]; Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026; Early, LLC v India St. Props., LLC, 237 AD3d 1049, 1051). The order did not "necessarily remove[ ] [those] legal issue[s] from the case so that there was no further opportunity during the litigation" for the parties to address them (Bonczar v American Multi-Cinema, Inc., 38 NY3d at 1026 [internal quotation marks omitted]). Rather, those issues were left undecided, and the parties had an opportunity to and did litigate them at trial (see id.).

The defendant's remaining contentions are either without merit or not properly before this Court.

DILLON, J.P., BARROS, WOOTEN and FORD, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court