■ HIRSCH ELECTRIC COMPANY, INC., Appellant, v COMMUNITY SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK et al., Third-Party Defendants-Respondents. (And a Fourth-Party Action.)—In an action to recover damages for breach of a construction contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated December 9, 1985, as denied its cross motion for summary judgment and granted the motion of the defendant Community Services, Inc., for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, so as to provide that the defendant third-party plaintiff's motion is granted to the extent that the defendant is awarded partial summary judgment pursuant to CPLR 3212 (g) solely on the issue of damages, the plaintiff's claim for compensatory damages is stricken, and the motion is otherwise denied; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to CPLR 3212 (g) the plaintiff is not entitled to compensatory damages; at most, if a breach of contract is proven, it will be entitled to nominal damages.

The plaintiff Hirsch Electric Company, Inc. (hereinafter Hirsch) entered into a subcontract with Community Services,

Inc. (hereinafter Community) for the performance of electrical work on a proposed school complex in Co-op City in The Bronx. The subcontract incorporated by reference the terms of a "School Agreement" entered into between Riverbay Corporation, which is the owner of Co-op City, the City of New York, and the Board of Education of the City of New York. The "School Agreement" contained, in paragraph four, certain completion dates for the four schools. However, paragraph 7 provided that Riverbay would not be liable to the city and Board of Education for certain listed types of delays.

The plaintiff commenced the instant action to recover damages for loss of other business which it could have obtained had the underlying contract been timely performed. Community moved for summary judgment alleging that paragraph 7 of the "School Agreement" protected it from such claims.

While loss of profits may be awarded as damages in an action to recover damages for breach of contract, damages must be shown to be the natural and probable consequence of the breach complained of and must be based on more than mere speculation (see, Wakeman v Wheeler & Wilson Mfg. Co., 101 NY 205). Here, the plaintiff's contentions that the delay made it impossible for it to receive bonding to bid upon a subsequent job, that if it had bid it would have been the low bidder and, furthermore, that it would have received the job and earned a profit of $800,000 are based on inferences piled upon inferences and, as a matter of law, are too speculative to give rise to the recovery of damages for lost profits (see, Manshul Constr. Corp. v Dormitory Auth., 111 Misc 2d 209, affd 88 AD2d 794, lv denied 57 NY2d 608). However, although the plaintiff has failed to demonstrate damages which would be recoverable at trial, it is a well-settled tenet of contract law that even if the breach of contract caused no loss or if the amount of loss cannot be proven with sufficient certainty, the injured party is entitled to recover as nominal damages a small sum fixed without regard to the amount of the loss, if any (Farnsworth, Contracts § 12.8, at 838-839). Accordingly, the court erred in granting Community's motion for summary judgment in toto.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.