■ HIRSCH ELECTRIC COMPANY, INC., Appellant, v COMMUNITY SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK et al., Third-Party Defendants-Respondents. (And a Fourth-Party Action.)—Motion by the plaintiff for reargument of an appeal from stated portions of an order of the Supreme Court, Kings County (Bernstein, J.), dated December 9, 1985, which was determined by decision and order of this court dated August 17, 1987 [133 AD2d 140], or, in the alternative, for leave to appeal to the Court of Appeals.

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for reargument is granted, and upon reargument the decision and order of this court dated August 17, 1987, is recalled and vacated and the following decision and order is substituted therefor.

In an action to recover damages for breach of a construction contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated December 9, 1985, as denied that branch of its cross motion which was for summary judgment and granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting from the first decretal paragraph thereof the words "and the complaint is dismissed," and substituting therefor the words "to the extent of striking the plaintiff's demand for compensatory damages based on the plaintiff's alleged inability to obtain sufficient bonding to enable it to bid upon and obtain a

contract for electrical work on a certain project, and is otherwise denied"; and by deleting the fourth and fifth decretal paragraphs; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of those branches of the defendant's and the third-party defendant's respective motions which were denied as moot, and for further proceedings consistent herewith.

The plaintiff Hirsch Electric Company, Inc. (hereinafter Hirsch) entered into a subcontract with Community Services, Inc. (hereinafter Community) for the performance of electrical work on a proposed school complex in Co-op City in The Bronx. The subcontract incorporated by reference the terms of a "School Agreement" entered into between Riverbay Corporation, which is the owner of Co-op City, the City of New York, and the Board of Education in the City of New York. The "School Agreement" contained in paragraph four, certain completion dates for the four schools. However, paragraph seven provided that Riverbay would not be liable to the city and Board of Education for certain listed types of delays.

The plaintiff commenced the instant action against Community alleging, *inter alia,* that the latter had failed to make the work sites available to the plaintiff as required by the contract and thereby delayed the progress of the work. The plaintiff set forth a primary claim for damages in the aggregate sum of $1,552,563 which included such factors as loss of home office overhead, loss of productivity due to the extended duration of the project, loss of labor productivity due to overtime directed by the owner, additional wage escalation, insurance premiums and rental charges, storage and increased materials cost. The complaint further alleged that as a result of the delay, which caused it to remain on the jobsite for a period in excess of two years beyond the contract time, the plaintiff was unable to obtain additional bonding credit sufficient to enable it to bid upon the contract to perform the electrical work on the Co-op City High School located in the center of the subject property. Additional damages of $800,000 based thereon were sought. Community moved for summary judgment alleging that paragraph seven of the "School Agreement" protected it from such claims.

We conclude that substantial questions of fact exist which entitle the plaintiff to a trial with respect to its claim of $1,552,563 for delay damages. Accordingly, the Supreme Court erred in granting Community's motion for summary judgment dismissing the complaint in toto.

With respect to the claim for damages based upon Hirsch's allegations of lost profits, we conclude that Hirsch is limited to a claim for nominal damages. While loss of profits may be awarded as damages in an action to recover damages for breach of contract, damages must be complained of and must be based on more than mere speculation *(see, Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205). Here, the plaintiff's contentions that the delay made it impossible for it to receive bonding to bid upon a subsequent job, that if it had bid it would have been the low bidder and, furthermore, that it would have received the job and earned a profit of $800,000 are based on inferences piled upon inferences and, as a matter of law, are too speculative to give rise to the recovery of damages for lost profits *(see, Manshul Constr. Corp. v Dormitory Auth.,* 111 Misc 2d 209, *affd* 88 AD2d 794, *lv denied* 57 NY2d 608). However, although the plaintiff has failed to demonstrate damages which would be recoverable at trial with respect to the lost profits claim, it is a well-settled tenet of contract law that even if the breach of contract caused no loss or if the amount of loss cannot be proven with sufficient certainty, the injured party is entitled to recover as nominal damages a small sum fixed without regard to the amount of the loss, if any (Farnsworth, Contracts § 12.8, at 838-839).

After granting that branch of the defendant's motion which was for summary judgment, the Supreme Court denied certain branches of the parties' respective motions "as moot." In light of our modification of the order appealed from, those issues must now be decided on the merits.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.