■ FREDERICK A. BROWN, Appellant, v SAMALIN & BOCK, P. C., et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered May 18, 1989, which granted the defendants' motion for partial summary judgment dismissing his cause of action for lost profits.

Ordered that the order is affirmed, with costs.

In this legal malpractice action, the plaintiff claims that the negligence of the defendants in representing him concerning a real estate contract caused him to lose anticipated profits. He claims that because of the defendants' negligence he was not able to enforce his contract for the purchase of certain property which he planned to subdivide in order to realize a profit.

However, we agree with the defendants' argument that this claim is too speculative and incapable of being proven with any reasonable certainty *(see, Kenford Co. v County of Erie,* 67 NY2d 257). The plaintiff had no experience in real estate development, and his financing was questionable. Furthermore, there is no evidence that he would have been able to obtain permission to subdivide the property into a sufficient number of building lots to make subdivision profitable. Thus, the court properly granted partial summary judgment on the lost profits cause of action, since, as a matter of law, it was too speculative to support a recovery *(see, Grow Tunneling Corp. v Consolidated Edison Co.,* 157 AD2d 452; *Hirsch Elec. Co. v Community Servs.,* 145 AD2d 603).

Further, the granting of partial summary judgment was proper, since the plaintiff did not adequately oppose the motion with the expert evidence which the issues warranted *(see, Zuckerman v City of New York,* 49 NY2d 557; *Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Kratter v Weintraub,* 97 AD2d 491). Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.