■ HUDSON ENGINEERING ASSOCIATES, Respondent, v NOEL KRAMER, Appellant. [614 NYS2d 157] —In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Orange County (Miller, J.), dated May 5, 1992, as granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's second and fourth counterclaims sounding in negligent misrepresentation and negligence respectively, and struck that part of the ad damnum clause in the defendant's counterclaim seeking to recover lost profits of $625,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Hudson Engineering Associates (hereinafter the engineer) was retained by the defendant Noel Kramer (hereinafter the owner) to process a subdivision application of a parcel of land. The engineer commenced this action to recover the balance allegedly due pursuant to the parties' contract, and the owner counterclaimed, claiming that the engineer was responsible for, among other things, the owner's lost profits, when the engineer failed to obtain a subdivision of greater than two lots.

Contrary to the owner's contention, the Supreme Court properly dismissed the second and fourth counterclaims sounding in negligent misrepresentation and negligence, respectively, since, upon the engineer making out a prima facie cause for summary judgment, the owner failed to raise a triable issue of fact as to whether the engineer had breached a duty which was independent of the obligations pursuant to the contract *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389-390; *see also, RKB Enters. v Ernst & Young,* 182 AD2d 971, 972; *Albemarle Theatre v Bayberry Realty Corp.,* 27 AD2d 172, 175-177).

Further, the Supreme Court properly dismissed the owner's claim for lost profits of $625,000 for the value of five subdi-

vided lots as too speculative and incapable of being proven with any degree of certainty, since there was no evidence that the engineer would have been able to obtain permission to subdivide the property into a greater number of lots *(see, Brown v Samalin & Bock,* 168 AD2d 531).

There is no merit to the owner's claim that he was given inadequate notice that the engineer's motion was one for summary judgment under CPLR 3212, since the moving papers clearly indicated that the motion was made pursuant to both CPLR 3211 and 3212, and the record indicates that the parties treated the motion accordingly.

In light of the foregoing, we do not reach the owner's remaining contentions. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.