■ 1309 AVENUE P, LLC, Respondent-Appellant, v LEWIS ELIEZER GARFINKEL, Appellant-Respondent. [923 NYS2d 900]—

In an action, inter alia, to recover damages for architectural malpractice and breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 26, 2010, as denied his motion for summary judgment dismissing so much of the complaint as sought to recover lost profits, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant's motion for summary judgment dismissing so much of the complaint as sought to recover lost profits, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with costs to the defendant.

The Supreme Court should have granted the defendant's motion for summary judgment dismissing so much of the complaint as sought to recover lost profits that·the plaintiff alleged it could have obtained from the construction of a six-story, rather than a four-story, building. The defendant established as a matter of law that the this claim was too speculative, as there was no evidence that the plaintiff would have been able to obtain approval to construct a six-story building (*see Hudson Eng'g Assoc. v Kramer*, 204 AD2d 277, 277-278 [1994]; *Brown v Samalin & Bock*, 168 AD2d 531, 532 [1990]; *see generally Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]; *Kenford Co. v County of Erie*, 67 NY2d 257, 262 [1986]; *Reads Co., LLC v Katz*, 72 AD3d 1054, 1055 [2010]).

However, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability. The plaintiff failed to establish its entitlement to judgment as a matter of law. The plaintiff's submissions revealed that triable issues of fact exist, inter alia, as to the defendant's liability (*see QB, LLC v A/R Architects, LLP*, 19 AD3d 675, 677 [2005], citing *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 542 [2004], and *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 83 [1999]). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.