NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3683
_____

BENIHANA OF TOKYO, INC.

v.

BENIHANA, INC.; NOODLE TIME, INC.

Benihana of Tokyo, Inc., now known as Benihana of Tokyo, LLC,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-10-cv-01051)
Honorable Sue L. Robinson, District Judge
_____

Argued June 18, 2015

BEFORE:  AMBRO, FUENTES, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed:  August 11, 2015)
_____

Gerald M. Clodomir
Saul Ewing
222 Delaware Avenue
Suite 1200
Wilmington, DE 19899

Kevin G. Collins
David M. Powlen
Barnes & Thornburg
1000 North West Street

Suite 1500
Wilmington, DE 19801

Joseph L. Manson, III (argued)
600 Cameron Street
Alexandria, VA 22314

Mark R. Owens
Barnes & Thornburg
11 South Meridian Street
Indianapolis, IN 46204

   Attorneys for Appellant

Todd Anthony Coomes
Robert W. Whetzel
Richards, Layton & Finger
920 North King Street
One Rodney Square
Wilmington, DE 19801

Alan H. Fein (argued)
Joshua A. Munn
Jenea M. Reed
Stearns, Weaver, Miller, Weissler, Alhadeff
& Sitterson
150 West Flagler Street
Suite 2200
Miami, FL 33130

   Attorneys for Appellees

_____

OPINION[*]
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I. INTRODUCTION

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

This matter comes on before this Court on an appeal from a summary judgment in favor of appellees, Benihana, Inc., and its subsidiary, Noodle Time Inc., in an action brought against them by appellant, Benihana of Tokyo, Inc. See Benihana of Tokyo, Inc. v. Benihana, Inc., 59 F. Supp. 3d 654 (D. Del. 2014). As a matter of convenience, we will refer to appellees as though they are a single entity. Because we are satisfied that there is no dispute of material fact and appellee is entitled to a judgment as a matter of law, we will affirm the District Court's order for summary judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

A.    Factual History

We only need summarize the facts of this case. Rocky Aoki founded appellant Benihana of Tokyo, Inc. in 1963. The success of the Benihana undertaking led appellant to open numerous Benihana restaurants. Though the parties have set forth the Benihana corporate history at length in their briefs, it is sufficient for our purposes to indicate that the Benihana interests subsequently incorporated appellee Benihana, Inc. and that appellant and appellee entered into an "Amended and Restated Agreement and Plan of Reorganization" ("ARA") governing their relationship. A dispute over the application and meaning of the ARA is at the heart of this case.

The ARA provided for the sale, transfer, and assignment of restaurants and related assets, including trademarks, from appellant to appellee or to its wholly owned subsidiary within a geographical area that the ARA called and to which we refer as the "Territory." The trademarks were listed on a schedule in the ARA and included "BENIHANA" and

3

an accompanying flower design. The ARA specified that appellee's Territory was "the United States (including its territories and possessions), Central America, South America and the islands of the Caribbean [S]ea," a largely Western Hemisphere area. But appellant retained the ownership of the Benihana trademarks in the rest of the world. Significantly, appellant and appellee agreed that neither party would make any use of the trademarks that reasonably could be expected to diminish the trademarks' value or usefulness to the other party. Specifically, the ARA provided:

> [Appellee] will own the Trademarks in the Territory and [appellant] will continue to own the Trademarks outside of the Territory. Accordingly, [the parties] agree that, without the prior written consent of the other, neither will make any use of the Trademarks which could reasonably be expected to reduce the value or usefulness of the Trademarks to the other party. In addition, [the parties] shall be responsible for the proper registration and maintenance of the Trademarks and the prosecution of infringements or potential infringements of the Trademarks in the territories where such party has an interest in the Trademarks . . . . The obligations of this Section shall survive the Closing for an indefinite period.

J.A. at 93.

On or about April 23, 2010, appellee filed an application with the World Intellectual Property Organization ("WIPO") seeking to register the BENIHANA trademark in Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam, and Zambia, countries outside of its Territory. On July 5, 2010, appellee followed this initial application with a second WIPO application seeking to register the Benihana flower design trademark in several countries outside its Territory, including Iceland, Iran, Monaco, Ukraine, and Zambia.

Appellant objected to these trademark registration applications and consequently filed this action against appellee on December 3, 2010. In response, on January 28, 2011, appellee submitted a "Request for the Recording of a Renunciation" with the WIPO, renouncing registration of the Benihana flower design trademark in countries outside of its Territory. In February 2011, appellee filed a second "Request for the Recording of a Renunciation" with the WIPO, similarly renouncing registration of the BENIHANA trademark in countries outside of its Territory.

In addition to formally renouncing the applications for the registrations, appellee has filed an affidavit in this action executed by its attorney stating that it "will not pursue international registration of trademark rights in the countries located in [appellant's] [t]erritory as defined in the ARA." J.A. at 277. In a March 2014 email exchange between the parties' attorneys, appellee confirmed that it would not file international, national, or other applications in an attempt to register trademarks in the area reserved to appellant in the ARA. Id. at 458.

B.      Procedural History

As we have indicated, on December 3, 2010, appellant filed its complaint in this action in the District Court alleging that appellee breached the ARA by seeking to register the trademarks with the WIPO.[1] On December 7, 2010, appellant filed an amended complaint charging appellee with breach of contract, conversion, false

---

[1] We are concerned with only one claim of wrongdoing on this appeal because in its brief, the only act of wrongdoing that appellant charges appellee committed, as distinguished from legal theories pursuant to which it claims appellee is liable, is that appellee attempted to "register the Benihana Trademarks in [appellant's] exclusive territory." Appellant's br. at 1.

designation of origin, and false advertising. In addition to seeking damages and injunctive relief, appellant sought a declaratory judgment asking the Court to designate the places in which appellee could register the Benihana trademarks. Appellee reacted to the amended complaint on February 4, 2011, by filing a motion to dismiss, which the District Court granted on December 11, 2011. The order of dismissal, however, granted appellant leave to amend its complaint.

On January 9, 2012, appellant filed a second amended complaint alleging breach of contract, conversion, and false designation of origin, and again seeking declaratory relief. On February 14, 2014, appellee moved for summary judgment on all of appellant's claims, and by an opinion and order entered on July 22, 2014, followed by a judgment entered on July 23, 2014, the District Court granted appellee's motion. In reaching its result the Court indicated that appellee's filing of the applications for registration was not a use within the meaning of the ARA and that appellant had not shown that appellee had damaged it within the meaning of the ARA. Appellant has filed a timely appeal.[2]

### III. JURISDICTION AND STANDARD OF REVIEW

Appellant is a New York corporation with its principal place of business in New York City. Benihana, Inc. is a Delaware corporation and its subsidiary, Noodle Time, Inc., is a Florida corporation, but each appellee has its principal place of business in

---

[2] Appellee filed an answer and a counterclaim, but the parties have filed a stipulation of dismissal of the counterclaim with prejudice.

Florida. The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. We have jurisdiction under 28 U.S.C. § 1291.

Our standard of review of the District Court's grant of summary judgment is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Summary judgment "is appropriate when the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). An issue of fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S.Ct. at 2510. On a summary judgment motion, a court "must consider the evidence in the record in the light most favorable to the nonmoving party." Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009).


IV. DISCUSSION

A. Breach of Contract Claim

We will affirm an order for summary judgment in a breach of contract action turning on the meaning of the contract when the contract is unambiguous and the moving party was entitled to judgment as a matter of law. Tamarind Resort Assocs. v. Gov't of the V.I., 138 F.3d 107, 111 (3d Cir. 1998). The District Court determined that appellant did not make a showing that appellee breached the ARA because the word "use" in the term "any use" in the ARA dealing with trademarks has an unambiguous meaning and appellee's filing of the registration applications was not a "use" of the trademarks within

7

the meaning of the ARA and thus did not breach the ARA. The Court also held that appellee's filing of the applications did not damage appellant or diminish the value or usefulness of the trademarks to appellant.

Under New York law, which the parties agree is applicable, an action for breach of contract requires proof of (1) a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages. Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994). It is well-settled that "[t]he fundamental objective of contract interpretation is to give effect to the expressed intentions of the parties." Lockheed Martin Corp. v. Retail Holdings, N.V., 639 F.3d 63, 69 (2d Cir. 1994) (citations and internal quotation marks omitted). "The best evidence of what parties to a written agreement intend is what they say in their writing." Greenfield v. Philles Records, Inc., 780 N.E.2d 166, 170 (N.Y. 2002) (citation and internal quotation marks omitted).

Where there is a dispute over the meaning of a contract, "the threshold question is whether the contract is ambiguous." Lockheed Martin, 639 F.3d at 69. "Ambiguity is determined by looking within the four corners of the document, not to outside sources." JA Apparel Corp. v. Abboud, 568 F.3d 390, 396 (2d Cir. 2009) (citation and internal quotation marks omitted). A court makes the determination of whether a contract is ambiguous as a matter of law. Law Debenture Trust Co. v. Maverick Tube Corp., 595 F.3d 458, 465 (2d Cir. 2010). A contract is unambiguous "if the language it uses has a definite and precise meaning, as to which there is no reasonable basis for a difference of opinion." Lockheed Martin, 639 F.3d at 69. "[A] written agreement that is complete,

8

clear and unambiguous on its face must be [interpreted] according to the plain meaning of its terms, without the aid of extrinsic evidence." Law Debenture Trust, 595 F.3d at 467 (internal quotations and citations omitted). "In interpreting a contract under New York law, words and phrases . . . should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions." LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 206 (2d Cir. 2005).

After our consideration of this matter, we are unwilling to hold that appellee did not use the trademarks when it filed the registration applications with the WIPO. Indeed, we think that a reasonable person might conclude that an entity attempting to register a trademark is using it. After all, if you base an application on something, here trademarks, are you not using the thing on which you base your application? Consequently, though the District Court thought otherwise, we are not certain that the appellee did not use the trademarks when it filed its applications, and, accordingly, will not join in its conclusion on this point. But neither do we reject the District Court's conclusion that filing an application for registration of a trademark is not a use within the meaning of the ARA. Instead, we do not decide whether the filing of an application for registration of a trademark is a use of the trademark as we have no need to decide this issue.

The ARA only prohibits a party's use of trademarks without consent of the other party outside of the user's territory if the use "could reasonably be expected to reduce the value or usefulness of the Trademarks to the other party." As the District Court observed, appellant has not demonstrated how appellee's applications to register the trademarks had that effect, particularly when it is remembered that appellee abandoned

9

the registration processes before their completion. Appellant certainly has had the opportunity to make this showing, but even on this appeal at oral argument, when we raised the reduction in value or usefulness question, appellant was unable to explain how appellee's actions reduced the value or usefulness to it of its interest in the trademarks or otherwise damaged it. For example, appellant did not claim that it could not open a restaurant or lost customers in restaurants outside of appellee's Territory attributable to appellee's filing of the applications for registration of trademarks outside of its Territory.

We realize that appellant argues that it should be entitled at least to nominal damages because New York law ordinarily allows an award of nominal damages against a party breaching a contract even if the breach has not caused the other party to suffer actual damage. Hirsch Elec. Co. v. Cmty. Servs. Inc., 145 A.D.2d 603, 605, 536 N.Y.S.2d 141,142 (App. Div. 1988). But nominal damages are not available here because the ARA provides that the party using the trademarks has not breached its obligations under the ARA unless its use of a trademark has damaged the other party by reducing the value or usefulness of the trademark to the other party. Therefore, the District Court correctly granted appellee summary judgment.

B.    Declaratory Judgment Is Improper

Appellant requested that the District Court issue a declaratory judgment indicating that the ARA only transferred trademarks to appellee within the area of appellee's Territory. We agree with that Court that the issuance of a declaratory judgment was not warranted because there is no current conflict between the parties with respect to the places where the parties may register the ARA trademarks. The absence of a dispute is

10

obvious because appellee has withdrawn its trademark registration applications and expressly has stated that it will not file trademark registration applications in the area reserved to appellant. Moreover, appellant is not suggesting that it intends to file an application for a trademark registration in appellee's Territory.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "creates a remedy by which federal courts may declare the rights and other legal relations of any interested party seeking such a declaration when there is a case of actual controversy." Brockstedt v. Sussex Cnty. Council, 794 F. Supp. 2d 489, 499 (D. Del. 2011) (citation and internal quotation marks omitted). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941). A plaintiff bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that there is an actual controversy between the parties. Edmunds Holding Co. v. Autobytel Inc., 598 F. Supp. 2d 606, 608-09 (D. Del. 2009). Here, it is clear that there is not a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" or, indeed, any controversy at all. Md. Cas. Co., 312 U.S. at 273, 61 S.Ct. at 512. The fact is that since appellee renounced the applications for registration, this case has been a lawsuit looking for a controversy.

## V.  CONCLUSION

For the foregoing reasons, we will affirm the District Court's order of July 22, 2014, and judgment of July 23, 2014.